FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 MAR 15  PM 1: 12

STEPHAN HARRIS, CLERK
CASPER

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF

HABEAS CORPUS BY A PERSON IN STATE CUSTODY     17-CV-45-S

| United States District Court | | District of Wyoming |
|---|---|---|
| Name (under which you were convicted): RICHARD MCCLOSKEY | | Docket or Case No.: 5697, 5698 |
| Place of Confinement: PARK COUNTY DETENTION CENTER | Prisoner No.: 31936 | |
| Petitioner (include the name under which you were convicted) RICHARD JOSEPH MCCLOSKEY | Respondent (authorized person having custody of petitioner) | |
| v. | The Attorney General of the State of WY | |

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
DISTRICT COURT OF PARK COUNTY WYOMING

(b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): 2/__/__

(b) Date of sentencing: _____

3.  Length of sentence: 5-7 YEARS

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: BURGLARY, BURGLARY, FORGERY,

6.  (a) What was your plea? (Check one)
    (1) Not guilty   ☑        (3) Nolo contendere (no contest)   ☐
    (2) Guilty       ☐        (4) Insanity plea                  ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to? _____

(c) If you went to trial, what kind of trial did you have? (Check one)   ☐ Jury   ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?   ☐ Yes   ☐ No

Page 3

8.      Did you appeal from the judgment of conviction?                    ☐ Yes  ☒No

9.      If you did appeal, answer the following:

        (a) Name of court: _____

        (b) Docket or case number (if you know): _____

        (c) Result: _____

        (d) Date of result (if you know): _____

        (e) Citation to the case (if you know): _____

        (f) Grounds raised: _____

        (g) Did you file a petition for certiorari in the United States Supreme Court?      ☐ Yes ☒No
            If yes, answer the following:
            (1) Docket or case number (if you know): _____
            (2) Result: _____
            (3) Date of result (if you know): _____
            (4) Citation to the case (if you know): _____

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
        concerning this judgment of conviction in any state court?                    ☐ Yes  ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

        (a)     (1) Name of court: _____
                (2) Docket or case number (if you know): _____
                (3) Date of filing (if you know): _____
                (4) Nature of the proceeding: _____
                (5) Grounds raised: _____
                (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
                                                                              ☐ Yes  ☐ No
                (7) Result: _____
                (8) Date of result (if you know): _____

        (b)     If you filed any second petition, application, or motion, give the same information:
                (1) Name of court: _____
                (2) Docket or case number (if you know): _____
                (3) Date of filing (if you know): _____
                (4) Nature of the proceeding: _____
                (5) Grounds raised: _____
                (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
                                                                              ☐ Yes  ☐ No
                (7) Result: _____
                (8) Date of result (if you know): _____
                _____

        (c)     Did you appeal to the highest state court having jurisdiction over the action taken on your petition,
                application, or motion?
                (1) First petition:        ☐ Yes  ☐ No
                (2) Second petition:       ☐ Yes  ☐ No
                (3) Third petition:        ☐ Yes  ☐ No

Page 4

(d)      If you did not appeal to the highest state court having jurisdiction, explain why you did not: <u>I</u>
<u>DO NOT KNOW THE PROCESS OR KNOWLEDGE OF</u>
<u>HOW TO DO THIS</u>

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Please go to Ground One

Page 5

**GROUND ONE:** _DUE PROCESS RIGHTS BEING VIOLATED, RIGHTS TO FAIR TRIAL_

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): _I WAS OVERWHELMED WITH 15+ CHARGES THAT WERE BASED MAINLY ON SPECULATION AND HEAR SAY & FABRICATED EVIDENCE. I WAS SO OVERWHELMED I FELT COARSED INTO TAKING MY FIRST PLEA OF A 5-7 ALSO THREATENED IF I DIDNT THEY WOULD HIT ME AS A REPEAT OFFENDER AND GIVE ME 10 YEARS ALL MY CHARGES ARE DUE TO ADDICTION_

(b) If you did not exhaust your state remedies on Ground One, explain why: _WAITING FOR SENTENCING I TOOK THE FIRST PLEA JUST WAITING_

(c) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes ☒ No
(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☐ Yes ☒ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _I DONT KNOW WHAT THAT IS OR HOW TO DO_

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

GROUND TWO: ALL CHARGES LEAD TO DRUG CHARGES Page 6
NEVER GOT HELP FROM THE STATE FOR TREATMENT
EVEN ASKED ABOUT ADDICTION OFFENDERS ACT

(a) Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum): I HAVE FILLED OUT APPLICATIONS TO ALL TREATMENT CENTERS IN WYOMING SENT PACKETS GOT MY ASI DONE ALL WHILE INCARCERATED KEPT IN CONTACT WITH THEM ALL MY ASI RECOMMENDATION WAS THE HIGHEST LEVEL OF INPATIENT TREATMENT BUT STILL THE COURTS NEVER TOOK THIS INTO CONSIDERATION WHAT I NEED IS REHABILITATION BEFORE INCARCERATION

_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____

(c) Direct Appeal of Ground Two:
(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes  ☐ No
(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                                                  ☐ Yes  ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes  ☐ No
(4) Did you appeal from the denial of your motion or petition?                    ☐ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:_____
_____

GROUND THREE: _ALL CHARGES WERE BOUND OVER TO DISTRICT     Page 7
_____EVEN ONES BUILT BY SPECULATION WITHOUT_
_____CONSIDERATION_

(a)     Supporting facts (Briefly summarize your claim.  You may provide additional argument and legal citations in a separate supporting memorandum): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)     If you did not exhaust your state remedies on Ground Three, explain why: _____
_____

(c)     Direct Appeal of Ground Three:
        (1) If you appealed from the judgment of conviction, did you raise this issue?     □ Yes   □ No
        (2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d)     Post-Conviction Proceedings:
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                                      □ Yes   □ No
        (2) If your answer to Question (d)(1) is "Yes," state:
        Type of motion or petition: _____
_____
        Name and location of the court where the motion or petition was filed: _____
_____
        Docket or case number (if you know): _____
        Date of the court's decision: _____
        Result (attach a copy of the court's opinion or order, if available): _____
_____
        (3) Did you receive a hearing on your motion or petition?                   □ Yes   □ No
        (4) Did you appeal from the denial of your motion or petition?              □ Yes   □ No
        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? □ Yes   □ No
        (6) If your answer to Question (d)(4) is "Yes," state:
        Name and location of the court where the appeal was filed: _____
_____
        Docket or case number (if you know): _____
        Date of the court's decision: _____
        Result (attach a copy of the court's opinion or order, if available): _____
_____
        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____

GROUND FOUR:_____
_____
_____

(a)    Supporting facts (Briefly summarize your claim.  You may provide additional argument and legal citations in a separate supporting memorandum): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)    If you did not exhaust your state remedies on Ground Four, explain why: _____
_____

(c)    Direct Appeal of Ground Four:
(1) If you appealed from the judgment of conviction, did you raise this issue?     □ Yes   □ No
(2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                                                    □ Yes   □ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?                           □ Yes   □ No
(4) Did you appeal from the denial of your motion or petition?                      □ Yes   □ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? □ Yes   □ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____
_____

Page 9

13.    Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?                                                                       ☐ Yes   ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____
_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____
_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?                                            ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____
_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?                                          ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____
_____

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___ Nick BEDUHN   CODY, WY 82414   P.O Box 880 ___
___ SENIOR ASSISTANT PUBLIC DEFENDER ___

(b) At arraignment and plea: _Nick BEDUHN_   CODY,WY 82414   P.O. Box 880
_____

(c) At trial: _____
_____

(d) At sentencing: ___ Nick BEDUHN _____ CODY,WY 82414   P.O.Box 880
_____

(e) On appeal: _____
_____

(f) In any post-conviction proceeding: _____
_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_____

Page 10

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes   ☐ No

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

_____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment
or  sentence to be served in the future?                                                ☐ Yes   ☐ No

Please go to Question 18

Page 11

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.§ 2244(d) provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 12

Therefore, petitioner asks that the Court grant the following relief: JUSTICE ON MY BEHALF FOR THINGS I DIDNT DO, JUSTICE FOR MY CASES, INPUNIATIVE DAMAGES, COMPENSATION FOR JOB LOSS, INPUNITIVE DAMAGES, IS SLANDER or any other relief to which petitioner may be entitled. DEFEMATION OF CHARACTER

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  I further declare under penalty of perjury that this Petition for Writ of Habeas Corpus was placed in the institutional mailing system or deposited with prison officials on ___MARCH 12+h, 2017_____(month, day, year). I attest that first-class postage has been prepaid.

Executed (signed) on ___3/12/17_____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____

3/12/17

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 MAR 15 PM 1:12

STEPHAN HARRIS, CLERK
CASPER

To whom it may Concern-
My Name is Richard Joseph McCloskey, I am sending
a packet that I filled out to the best of
my knowledge, enclosed with this packet I sent
a paper confirming my inmate account balance
as indigent in place of the certificate of penal
institution do to them not properly filling them
out and shreding them without returning
them. Enclosed also is a few papers regarding
some cases I talked about. I give this court
authorization to dig or refer to any legal
matters regarding me Richard Joseph
McCloskey dated this day the 12th of
March 2017. I would also like some civil
rights packets or petions do to some
incidents that have gone on in park
county detention center while incarcerated
Thank you for your time

Much Respect.

Richard McCloskey

*Plaintiff,*

*vs.*

**RICHARD JOSEPH McCLOSKEY,**
                    *Defendant.*

# WARRANT

**TO ANY SHERIFF IN THE STATE OF WYOMING, GREETINGS:**

**WHEREAS,** Affidavit having been made before me, on oath, that the above-named Defendant:

**Count I:**     On or between August 26, 2016 and September 9, 2016, in Park County, Wyoming, did unlawfully use a credit card with the intent to obtain property or services by fraud, to wit, used a credit card, or the number or description of a credit card, issued to another person without the consent of that person, and the value of the property or services obtained in violation of this section within a sixty day period in the state of Wyoming totals one thousand dollars ($1,000.00) or more, in violation of Wyoming Statute § 6-3-802(a)(i)(b)(iii), a felony, punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count II:**     On or about August 26, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for QT's Restaurant for twelve dollars and thirty-eight cents ($12.38), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count III:**     On or about August 26, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for QT's Restaurant for ninety-four dollars and twenty-five cents ($94.25), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.



purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Wal-Mart for fifty-eight dollars and forty-three cents ($58.43), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

**Count V:** On or about August 27, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Rocky Mountain Discount Sports for ninety-eight dollars and seventy-eight cents ($98.78), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

**Count VI:** On or about August 29, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Domino's Pizza for sixty dollars and twenty-26 cents ($60.26), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

**Count VII:** On or about August 30, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Good to Go for eighty dollars and fifty cents ($80.50), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

**Count VIII:** On or about August 30, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Linton's Big R for one hundred ninety dollars and twenty-

violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count XI:** On or about September 2, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Shopko for one hundred two dollars and ninety-five cents ($102.95), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both:

**Count XII:** On or about September 2, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Maverick for fifty-eight dollars and five cents ($58.05), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count XIII:** On or about September 8, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Shopko for ninety-seven dollars and sixty-two cents ($97.62), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

**NOW, THEREFORE,** in the name of the State of Wyoming, you are hereby commanded forthwith to apprehend and arrest the above-named defendant and bring the defendant before the Court to be dealt with according to law.

DATE: _October 13_, 2016.

**HONORABLE BRUCE B. WATERS**
Circuit Court Judge

| DOB: | 03/19/1988 |
| --- | --- |
| SSN: | 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 |
| LKA: | Park County Detention Center |

both;

**Count V:**    On or about August 27, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Rocky Mountain Discount Sports for ninety-eight dollars and seventy-eight cents ($98.78), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars (S10,000.00), or both;

**Count VI:**    On or about August 29, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Domino's Pizza for sixty dollars and twenty-26 cents ($60.26), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count VII:**    On or about August 30, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Good to Go for eighty dollars and fifty cents ($80.50), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count VIII:**    On or about August 30, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Linton's Big R for one hundred ninety dollars and twenty-five cents (S190.25), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

**Count IX:**    On or about August 31, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Mountain West Computer for forty-three dollars and sixty-seven cents ($43.67), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars



**STATE OF WYOMING,**
*Plaintiff,*

**Criminal Docket No.** CF-2016-153 POW

*vs.*

**RICHARD J. MCCLOSKEY,**
*Defendant.*

# WARRANT

**TO ANY SHERIFF IN THE STATE OF WYOMING, GREETINGS:**

**WHEREAS,** Affidavit having been made before me, on oath, that the above-named Defendant:

**COUNT I:** On or about June 16, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person, the value of the property or services purchased or obtained being less than one thousand dollars ($1,000.00), to wit: purchase in the amount of Thirty Dollars ($30.00) at ExxonMobil, in Cody, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both.

**COUNT II:** On or about June 17, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person, the value of the property or services purchased or obtained being less than one thousand dollars ($1,000.00), to wit: purchase in the amount of Sixteen Dollars and Twelve Cents ($16.12) at Maverik #346, in Powell, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both.

**COUNT III:** On or about June 17, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person,

**COUNT IV:** On or about June 18, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person, the value of the property or services purchased or obtained being less than one thousand dollars ($1,000.00), to wit: purchase in the amount of Fifty-Two Dollars and Twenty Cents ($52.20) at Blair's Market, in Powell, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both.

**COUNT V:** On or about June 18, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person, the value of the property or services purchased or obtained being less than one thousand dollars ($1,000.00), to wit: purchase in the amount of Twelve Dollars and Seven Cents ($12.07) at ExxonMobil, in Ralston, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both.

**COUNT VI:** On or about June 18, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person, the value of the property or services purchased or obtained being less than one thousand dollars ($1,000.00), to wit: purchase in the amount of Four Hundred Sixty-Six Dollars and Eight Cents ($466.08) at Sunlight Sports, in Cody, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both.

**COUNT VII:** On or about June 18, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person,



intent to obtain property or services by fraud, use a credit card, or the number or
description of a credit card, issued to another person without the consent of that person,
the value of the property or services purchased or obtained being less than one thousand
dollars ($1,000.00), to wit: purchase in the amount of Five Dollars and Three Cents
($5.03) at ExxonMobil, in Cody, Wyoming, in violation of Wyoming Statute §6-3-
802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6)
months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both, contrary
to the form of the Statute in such case made and provided, and against the peace and
dignity of the State of Wyoming.

     **COUNT IV:** On or about June 18, 2016, in Park County, Wyoming, did with the
intent to obtain property or services by fraud, use a credit card, or the number or
description of a credit card, issued to another person without the consent of that person,
the value of the property or services purchased or obtained being less than one thousand
dollars ($1,000.00), to wit: purchase in the amount of Fifty-Two Dollars and Twenty
Cents ($52.20) at Blair's Market, in Powell, Wyoming, in violation of Wyoming Statute
§6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six
(6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both,
contrary to the form of the Statute in such case made and provided, and against the peace
and dignity of the State of Wyoming.

     **COUNT V:** On or about June 18, 2016, in Park County, Wyoming, did with the
intent to obtain property or services by fraud, use a credit card, or the number or
description of a credit card, issued to another person without the consent of that person,
the value of the property or services purchased or obtained being less than one thousand
dollars ($1,000.00), to wit: purchase in the amount of Twelve Dollars and Seven Cents
($12.07) at ExxonMobil, in Ralston, Wyoming, in violation of Wyoming Statute §6-3-
802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6)
months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both, contrary
to the form of the Statute in such case made and provided, and against the peace and
dignity of the State of Wyoming.

     **COUNT VI:** On or about June 18, 2016, in Park County, Wyoming, did with the

dollars ($1,000.00), to wit: purchase in the amount of Four Hundred Sixty-Six Dollars

and Eight Cents ($466.08) at Sunlight Sports, in Cody, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

COUNT VII: On or about June 18, 2016, in Park County, Wyoming, did with the intent to obtain property or services by fraud, use a credit card, or the number or description of a credit card, issued to another person without the consent of that person, the value of the property or services purchased or obtained being less than one thousand dollars ($1,000.00), to wit: purchase in the amount of Fourteen Dollars and Fifty-Five Cents ($14.55) at K-Mart, in Cody, Wyoming, in violation of Wyoming Statute §6-3-802(a)(i)(b)(i), a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than Seven Hundred Fifty Dollars ($750.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

FOR PROBABLE CAUSE: See the Affidavit of Brett Lara, Investigator with the Powell Police Department, attached hereto and incorporated herein by this reference.

WHEREFORE, the undersigned prays that a warrant issue for the arrest of the above-named Defendant.

DATED: October __4__, 2016.

STATE OF WYOMING

T— Blatt

Timothy J. Blatt, WSB #6-3517
Deputy Park County and Prosecuting Attorney

Brooke Conners at Rodeo West. Detective Parduba advised her of his investigation and the

purchase made at the store on June 16, 2016. She informed Detective Parduba the purchase was

for gas and that there are no security cameras that would show the suspect.

On Thursday, July 7, 2016, at approximately 1:36 p.m., Detective Parduba spoke with

Morgan Simmons from Good 2 Go. She informed Detective Parduba that the purchase was made

at the gas pumps. However, the security camera footage had already been taped over; that the

cameras copy over previous footage every fourteen days. She did provide Detective Parduba

with a copy of the receipt for the purchase.

On Friday, July 8, 2016, at approximately 10:50 a.m., Detective Parduba met with K

Mart Store Manager, Nicole Cannon, at K Mart. She gave Detective Parduba a copy of the print

out for the purchase made. She said it was for a bottle of Coleman fuel. She said the purchaser

checked out through the garden area.

On Thursday, July 7, 2016, Detective Parduba contacted me in regards to this case and

the purchase made in Powell. According to Detective Parduba, 2 suspects, possibly females,

entered the store on Saturday, June 18, 2016, at approximately 9:03 p.m. and purchased some

items using a stolen credit card.  The amount charged on the card was $52.20.  The stolen Toys R

Us credit card, bearing number 5243-6310-1674-8574, was taken from Jeremy Fabricius, who

resides in Cody, Wyoming.  The authorization number for the transaction was 01752Z.  I stopped

by Blair's and left a message for Kyle Foulger, Assistant Manager, to try and find any

surveillance footage of the suspects.

On Friday, July 8, 2016, Detective Parduba spoke with J. Fabricius. J. Fabricius

informed Detective Parduba that he does have a security system in the house but that he does not

have it armed. He did tell Detective Parduba that he has a keypad type lock on the front door of

his residence. He said that while he was away on vacation, his three step daughters, Shannon

Yates, Thai Hilliard and Lindsay Voss, had access to his house and used the keypad lock to gain

access. Each one has their own individual code. He said he could supply me with a history list

that had times and dates of when the keypad was used. Detective Parduba asked that he email it

to me. He assured me that he doesn't believe any of his step daughters are involved in the theft.

Parduba met with K Mart Store Manager, Nicole Cannon, at K Mart, located at 2121 17th Street.

Detective Parduba advised her of the purchase made at K Mart on June 18, 2016. Detective Parduba asked if there would be any security camera footage of this transaction. Cannon informed Detective Parduba that their security cameras have been down since May. There would be no footage available. Detective Parduba asked if she could check records for the purchase. She said she would and get back to him.

On Thursday, July 7, 2016, at approximately 9:32 a.m., Detective Parduba met with Good 2 Go Store Manager, Morgan Simmons. Detective Parduba informed her of the purchase made at a Good 2 Go store, on June 17, 2016. She advised Detective Parduba she would need to know which one of the three stores the purchase was made at. Detective Parduba advised her that he would try and get the store number for her. Simmons called the Good 2 Go in Ralston for Detective Parduba, in regards to a purchase made at that store on June 18, 2016. She spoke with Thea LNU and was advised that store does not have security cameras.

On Thursday, July 7, 2016, at approximately 10:20 a.m., Detective Parduba spoke with Sunlight Sports Store Office Manager, Amber Bryant, via phone. Detective Parduba informed her of the purchase made at her store on June 18, 2016 and asked if there are security cameras in the store. She advised Detective Parduba there are none. She did say she might have an electronic capture of the purchaser's signature. Detective Parduba asked if she could send me a copy of that. She said she would email it to him.

On Thursday, July 7, 2016, at approximately 10:29 a.m., Detective Parduba received an email from Bryant. Attached was a copy of the signature for the suspect. It is sloppy but looks like they tried to sign it as Jeremy Fabricius.

On Thursday, July 7, 2016, at approximately 10:55 a.m., Detective Parduba spoke with Sycony Bank, the bank for the credit card. Detective Parduba spoke with Yvette LNU in their fraud department. Detective Parduba advised her of this investigation and requested her assistance in finding out which gas stations in Cody the purchases were made at since the addresses and names are not listed on the credit card statement. Yvette was able to tell Detective Parduba that the purchase at the Good 2 Go on June 17, 2016, was at store number 4, which is

defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Mountain West Computer for forty-three dollars and sixty-seven cents ($43.67), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

Count X: On or about September 2, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Pit Stop #12 for five dollars and eight cents ($5.08), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

Count XI: On or about September 2, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Shopko for one hundred two dollars and ninety-five cents ($102.95), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

Count XII: On or about September 2, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for Maverick for fifty-eight dollars and five cents ($58.05), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

Count XIII: On or about September 8, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it

estimated the total amount of the purchases on the credit card to be over $500.

J. Fabricius showed Officer Harris a partial printout of his credit card statement that indicated there was $596.05 in charges on the card. However, he believed there were a few more transactions on the account that he did not print out. The following is a list of some of the allegedly fraudulent transactions made on the card:

| | | | | |
|---|---|---|---|---|
| - | 6/16 | ExxonMobil | Cody | $30.00 |
| - | 6/17 | Maverik #346 | Powell | $16.12 |
| - | 6/17 | ExxonMobil | Cody | $5.03 |
| - | 6/18 | Blairs Market | Powell | $52.20 |
| - | 6/18 | Exxonmobil | Ralston | $12.07 |
| - | 6/18 | Sunlight Sports | Cody | $466.08 |
| - | 6/18 | Kmart | Cody | $14.55 |

According to J. Fabricius, they applied for the Toys R Us Credit Card in Billings, Montana in December to get a discount on some toys they bought for their children at the time. J. Fabricius did not recall ever receiving the actual credit card in the mail and stated they have never used the card since they applied for it. J. Fabricius was going to clarify with his wife if she had received the card and where it might have been in the house at the time they left for vacation.

J. Fabricius stated the only people that had access to the residence during the time they were gone was his step-daughters, Thai Coe, Shannon Yates, and Lindsay Voss. The girls were asked to check on the house while Jeremy and Imy were away and they were there multiple times during that time period.

J. Fabricius had asked the three girls if they had taken and used the card. All three told him they had not.

J. Fabricius also indicated he had an alarm system on the residence, but depending on the circumstances, it may or may not have been armed.

J. Fabricius indicated there were lots of other valuable items in the house that were



**STATE OF WYOMING,**

Plaintiff,

vs.

**RICHARD JOSEPH McCLOSKEY,**

Defendant.

---

# WARRANT

---

## TO ANY SHERIFF IN THE STATE OF WYOMING, GREETING:

**WHEREAS,** the State of Wyoming has filed herein a Motion for Warrant, wherein the State requests that a Warrant issue for the arrest of the Defendant on the underlying charges herein, and the Court having reviewed the same and finding good cause to issue the same;

**Count I:** Unlawful use of a credit card with the intent to obtain property or services by fraud, to wit; used a credit card, or the number or description of a credit card, issued to another person without the consent of that person, and the value of the property or services obtained in violation of this section within a sixty day period in the state of Wyoming totals One Thousand Dollars ($1,000.00) or more, in violation of Wyoming Statute §6-3-802(a)(i)(b)(iii), a felony;

**Count II:** With intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorize that act, to wit: signed Keith Grant's name to a transaction receipt for QT's Restaurant for Twelve Dollars and Thirty-Eight cents ($12.38), in violation of Wyoming Statute §6-3-602(a)(ii)(b), a felony.

**YOU ARE, THEREFORE, HEREBY COMMANDED** forthwith to arrest the above-named Defendant and bring the Defendant before the Court for further proceedings.

**DATED** February ___10___, 2017.

BY THE COURT:

**HONORABLE STEVEN CRANFILL**
District Court Judge

# RETURN

**STATE OF WYOMING** }

**COUNTY OF PARK**

I hereby certify that I received the above Warrant filed in the above matter, that I served the same in Park County on_____ by delivering copies of both to _____ at _____.

SHERIFF
BY:

DEPUTY

Park County Sheriffs Office
WARRANT #



**PARK COUNTY, WYOMING**

**STATE OF WYOMING**
*Plaintiff,*

**Criminal Docket No. 5698**

vs.

**RICHARD J. MCCLOSKEY,**
*Defendant.*

## REQUEST PRETRIAL CONFERENCE AND JURY TRIAL SETTING

**COMES NOW** the State of Wyoming, by and through Timothy J. Blatt, Deputy Park

County and Prosecuting Attorney, and hereby requests the Court for an Order Setting Date

and Time for Pretrial Conference and Jury Trial.

**DATED**: November ___8___ 2016.

**STATE OF WYOMING:**

BY:    T ─ Blatt

Timothy J. Blatt, WSB #6-3517
Deputy Park County and Prosecuting Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Request upon the
attorney for the Defendant, Nick Beduhn, by placing a copy of the same in U.S. mail, postage
prepaid, addressed to Nick Beduhn, P.O. Box 880, Cody, Wyoming 82414, on November
___8___, 2016.

T ─ Blatt

Timothy J. Blatt

**STATE OF WYOMING**
*Plaintiff,*

vs.

**RICHARD J. MCCLOSKEY,**
*Defendant.*

---

## STATE'S DEMAND FOR RECIPROCAL DISCOVERY

---

**COMES NOW** the State of Wyoming, by and through Timothy J. Blatt, Deputy Park

County and Prosecuting Attorney, and hereby makes demand upon the Defendant for the

disclosure of evidence pursuant to Rule 16(b) and Rule 26.2 of the Wyoming Rules of

Criminal Procedure.

**DATED** November ___8___, 2016.

**STATE OF WYOMING**

BY: _____
Timothy J. Blatt, WSB #6-3517
Deputy Park County and Prosecuting Attorney

### CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Request for
Reciprocal Discovery upon the attorney for the Defendant, Nick Beduhn, by placing a copy
of the same in U.S. mail, postage prepaid, addressed to Nick Beduhn, P.O. Box 880, Cody,
Wyoming 82414, on November ___8___, 2016.

_____
Timothy J. Blatt

STATE OF WYOMING                      |   Criminal Case No. 5697

         *Plaintiff,*

    vs.

RICHARD JOSEPH McCLOSKEY,

        *Defendant.*

---

## ORDER SETTING ARRAIGNMENT HEARING

---

    **THIS MATTER** came before the Court upon the State's Request for Arraignment Hearing; and the Court being fully advised in the premises;

    **IT IS HEREBY ORDERED** that an **Arraignment Hearing** be scheduled for Dec 2, 2016, at 3:00 o'clock P .M., in District Court, Fifth Judicial District, **Park County Courthouse, Cody, Wyoming.**

    DATED: ~~October~~ Dec. 1, 2016.

                **BY THE COURT:**

                **HONORABLE STEVEN CRANFILL**
                District Court Judge

Branden S. Vilos   H
Nick Beduhn   F
Deb Carroll   H
Jail   F

STATE OF WYOMING,

      Plaintiff,

-vs-

RICHARD J. McCLOSKEY     ,

      Defendant.

DOCKET NO. CR-2016-134 POW

**ARRAIGNMENT & SENTENCING ORDER**

CHANGE OF PLEA

Charge 35-7-1031 ciC --- Poss.cont.substance (powder/crystal)   Citation No. _____

Advised of charges and penalty _____✓_____ Advised of constitutional rights _____

Attorney: Waived _____ Retained_____ Appointed _____ Name: N Buder

| Plea: | GUILTY | ✓ | Finding: | GUILTY | ✓ |
|---|---|---|---|---|---|
| | NOT GUILTY | | | NOT GUILTY | |
| | NO CONTEST | | | DISMISSED | |

Bond set at $ _____

Conditions of the bond:_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above case has been set for:

| | | | | | |
|---|---|---|---|---|---|
| Preliminary Hearing | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| Pre-Trial Conference | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| Jury Trial | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| Trial to Court | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| _____ | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SENTENCE**

| | | | | |
|---|---|---|---|---|
| Fine | $ _____ | Public Def Fees | $ will be pd |
| Costs | $ 40 | Amount Suspended | $ _____ |
| Victim Surcharge | $ 15 | TOTAL | $ 240 |

my own ...   r d

Jail Time _____ 2 _____   Time Suspended 2c2

Probation _____   Unsupervised / Supervised

Restitution $ _____

Stay of Execution to _____ day of _____, 20 ____ .

Conditions of suspension of fine / jail _____
_____
_____
(_____ to ppd) — 500 Fishing chage 5-2 yd

DONE this 6 day of Feb , 20 17 .

_____
COUNTY ATTORNEY

_____
DEFENSE ATTORNEY

_____
DEFENDANT

_____
JUDGE

_____
PARENTAL SIGNATURE

STATE OF WYOMING,

DOCKET NO. CR-2016-98 POW

     Plaintiff,

-vs-

**ARRAIGNMENT & SENTENCING ORDER**

RICHARD J. McCLOSKEY ,

CHANGE OF PLEA

     Defendant.

Charge I: 6-3-303 a ---- Criminal trespass    Citation No. 97648H

II: 6-3-201 a(bi) --- Property destruction less than $1000    97649H

Advised of charges and penalty _____ Advised of constitutional rights _____

Attorney: Waived _____ Retained _____ Appointed _____ Name: N _____

Plea:   GUILTY _____      Finding:   GUILTY _____

      NOT GUILTY _____             NOT GUILTY _____

      NO CONTEST _____             DISMISSED _____

Bond set at $ _____

Conditions of the bond: _____

*************************************************************************************

The above case has been set for:

| | | | | |
|---|---|---|---|---|
| Preliminary Hearing | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| Pre-Trial Conference | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| Jury Trial | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| Trial to Court | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |
| _____ | _____ day of _____ | , 20 ____ | , at _____ | A.M., P.M. |

*************************************************************************************

**SENTENCE**

Fine    $ _____      Public Def Fees   $ _____

Costs   $ _____      Amount Suspended   $ _____

Victim Surcharge  $ _____      TOTAL   $ _____

Jail Time _____      Time Suspended _____

Probation _____      Unsupervised / Supervised

Restitution $ _____

Stay of Execution to _____ day of _____ , 20 _____ .

Conditions of suspension of fine / jail _____

_____

_____

DONE this 6 day of _____ , 20 12 .

_____
COUNTY ATTORNEY

_____
JUDGE

_____
DEFENSE ATTORNEY

_____
DEFENDANT

_____
PARENTAL SIGNATURE

STATE OF WYOMING,

      Plaintiff,

-vs-

RICHARD J. McCLOSKEY         ,

      Defendant.

DOCKET NO. CR-2016-153 POW

**ARRAIGNMENT & SENTENCING ORDER**

CHANGE OF PLEA

Charge I-VII: 6-3-802 ai(bi) --- Use another's credit card less than $1000  Citation No. _____

Advised of charges and penalty _____ Advised of constitutional rights _____

Attorney:  Waived _____ Retained_____ Appointed _____ Name: _W_ _Baylor_

Plea:    GUILTY  _____    Finding:  GUILTY  _____

        NOT GUILTY  _____        NOT GUILTY  _____

        NO CONTEST  _____        DISMISSED  _____

Bond set at  $ _____

Conditions of the bond:_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above case has been set for:

| | | | | | | |
|---|---|---|---|---|---|---|
| Preliminary Hearing | _____ day of _____ | , 20 _____ | , at _____ | A.M., P.M. |
| Pre-Trial Conference | _____ day of _____ | , 20 _____ | , at _____ | A.M., P.M. |
| Jury Trial | _____ day of _____ | , 20 _____ | , at _____ | A.M., P.M. |
| Trial to Court | _____ day of _____ | , 20 _____ | , at _____ | A.M., P.M. |
| _____ | _____ day of _____ | , 20 _____ | , at _____ | A.M., P.M. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SENTENCE**

| | | | |
|---|---|---|---|
| Fine | $ _____ | Public Def Fees | $ UNLESS TO PAY |
| Costs | $ _____ | Amount Suspended | $ _____ |
| Victim Surcharge | $ _____ | TOTAL | $ _____ |

Jail Time _____    Time Suspended _____

Probation _____    Unsupervised / Supervised

Restitution  $ _____

Stay of Execution to _____ day of _____ , 20 _____ .

Conditions of suspension of fine / jail_____

_____

_____

_____

DONE this_____ day of _____ , 20 _17_ .

_____      _____

    COUNTY ATTORNEY               JUDGE

_____

    DEFENSE ATTORNEY

_____      _____

    DEFENDANT              PARENTAL SIGNATURE

STATE OF WYOMING,

DOCKET NO. CR-2016-165 POW

Plaintiff,

-vs-

**ARRAIGNMENT & SENTENCING ORDER**

RICHARD J. McCLOSKEY                    ,

CHANGE OF PLEA

Defendant.

Charge  6-3-406 aiii --- Defraud innkeeper less than $1000    Citation No. _____

Advised of charges and penalty _____ Advised of constitutional rights _____

Attorney:    Waived _____ Retained_____ Appointed _____Name: _____

Plea:    GUILTY    _____         Finding:    GUILTY    _____
         NOT GUILTY    _____                 NOT GUILTY _____
         NO CONTEST    _____                 DISMISSED  ___ per Agmt

Bond set at   $ _____

Conditions of the bond:_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above case has been set for:

| | | | | |
|---|---|---|---|---|
| Preliminary Hearing | _____ day of _____ | , 20 ____ | , at _____ A.M., P.M. |
| Pre-Trial Conference | _____ day of _____ | , 20 ____ | , at _____ A.M., P.M. |
| Jury Trial | _____ day of _____ | , 20 ____ | , at _____ A.M., P.M. |
| Trial to Court | _____ day of _____ | , 20 ____ | , at _____ A.M., P.M. |
| _____ | _____ day of _____ | , 20 ____ | , at _____ A.M., P.M. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SENTENCE**

Fine            $ _____        Public Def Fees  $ Under 7: 72
Costs           $ _____        Amount Suspended $ _____
Victim Surcharge $ _____        TOTAL           $ _____

Jail Time       _____          Time Suspended _____
Probation       _____          Unsupervised / Supervised
Restitution     $ no w/ telm less
Stay of Execution to _____ day of _____ , 20 ____ .
Conditions of suspension of fine / jail_____
_____
_____
_____

DONE this_____ 6 _____ day of _Febru_____ , 20 17 .

_____              _____
COUNTY ATTORNEY                        JUDGE

_____
DEFENSE ATTORNEY

_____              _____
DEFENDANT                              PARENTAL SIGNATURE

COUNTY OF PARK          )          FIFTH JUDICIAL DISTRICT

CR-2016-98-POW
CR-2016-134-POW
CR-2016-153-POW
CR-2016-2239-COD
CR-2016-165-POW

STATE OF WYOMING,          )
                           )
          PLAINTIFF,       )          **F I L E D**
                           )
     vs.                   )          FEB 0 2 2017
                           )
RICHARD MCCLOSKEY,         )          CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
                           )          PARK COUNTY, WYOMING
          DEFENDANT.       )          Peggy L. Farnan, Clerk
                                      By____**ASHLEY RIES**____Deputy

## REQUEST FOR CHANGE OF PLEA AND SENTENCING HEARING

COMES NOW Nick Beduhn, court appointed counsel for the above-named

individual and requests the Court set this matter for a Change of Plea and Sentencing

Hearing in and for the following reasons:

1.       The parties have reached a Plea Agreement for presentation to the Court.

WHEREFORE IT IS RESPECTFULLY REQUESTED that the Circuit Court set a

Change of Plea and Sentencing Hearing in this matter.

DATED this 2 day of February, 2017.

Nick Beduhn
W.S.B. #6-3763
Senior Assistant Public Defender
P.O. Box 880
Cody, WY 82414
307.587.2285

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a copy of the foregoing Request for
Change of Plea and Sentencing Hearing, by hand-delivering a copy thereof addressed to Tim
Blatt, Deputy Park County and Prosecuting Attorney, 1002 Sheridan Ave, Cody, WY 82414,
this 2nd day of February, 2017.

Nick Beduhn

1.02
20
.98
2090
2040

2108 X 2
5011 X 3
5852 X 2
2610 X 1
5438 X 1
5409 X 1

Plaintiff

-vs-

RICHARD J. MCCLOSKEY                                    ,

        Defendant.

# BOND CONDITIONS

Bond Amount  $___/0___     Cash  $_____ .     Acceptable Bail Bond  $_____     Property $_____

## You must comply with all conditions checked:

_____  1.  Do not violate any local, state or federal law.

_____  2.  Keep in contact with your attorney.

_____  3.  Immediately notify the Circuit Court Clerk at:        ☐  Cody •  307-527-8590
     of any change of address or phone number.        ☐  Powell •  307-754-8890
     (If represented by counsel, keeping your attorney notified of
     your address and phone number complies with this requirement.)

_____  4.  Appear for all court appearances.

_____  5.  Do not leave  ☐ Park County   ☐ State of Wyoming   without permission from the Judge.

_____  6.  Do not drink or possess alcoholic beverages or any illegal controlled substances, or be in places whose primary
     source of income is derived from alcohol sales.

_____  7.  Submit to random testing of your blood, breath and/or urine for the presence of alcohol or illegal controlled
     substances by law enforcement officers or your probation officer if on probation.

_____  8.  Report in person to the Park County Sheriff's Office or the _____Police Department at
     least _____ between the hours of _____ .M. and _____.M.

_____  9.  Do not have any contact with _Super 8 Motel- Powell_ .

_____  10.  Do not bother or harass any witness to this matter.

_____  11.  Other_____
     _____
     _____

_____  12.  Reappear before this Court on _Feb  13  2017_  at the hour of _1100_ .M. at the
     ☐ Cody   ☐ Powell courtroom for:

     ☐ Bench Trial          ☐ Jury Trial
     ☐ Preliminary Hearing  ☑ Pretrial Conference
     ☐ Sentencing          ☐ Revocation Hearing

STATE OF WYOMING,

DOCKET NO. CR-2016-165 POW

      Plaintiff,

-vs-

**ARRAIGNMENT & SENTENCING ORDER**

RICHARD J. MCCLOSKEY

      Defendant.

Charge _6-3-406 aiii --- Defraud Innkeeper less than $1000_ Citation No. _____

Advised of charges and penalty _____ Advised of constitutional rights _____

Attorney: Waived _____ Retained _____ Appointed _____ Name: _x/-s_

Plea: GUILTY _____ Finding: GUILTY _____

       NOT GUILTY ___✓___        NOT GUILTY _____

       NO CONTEST _____        DISMISSED _____

Bond set at $ _____

Conditions of the bond: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above case has been set for:

| | | | | | |
|---|---|---|---|---|---|
| Preliminary Hearing | _____ | day of _____ | , 20 ___ | at _____ | A.M., P.M. |
| Pre-Trial Conference | 13 | day of _____ | , 20 17 | at 11:00 | A.M., P.M. |
| Jury Trial | 2 | day of _____ | , 20 17 | at 5:30 | A.M., P.M. |
| Trial to Court | _____ | day of _____ | , 20 ___ | at _____ | A.M., P.M. |
| _____ | _____ | day of _____ | , 20 ___ | at _____ | A.M., P.M. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SENTENCE**

Fine $ _____    Public Def Fees $ _____

Costs $ _____    Amount Suspended $ _____

Victim Surcharge $ _____    TOTAL $ _____

Jail Time _____    Time Suspended _____

Probation _____    Unsupervised / Supervised

Restitution $ _____

Stay of Execution to _____ day of _____ , 20 _____ .

Conditions of suspension of fine / jail _____

DONE this _____ day of _October_ , 20 16 .

_____      _____

      COUNTY ATTORNEY                     JUDGE

_____

      DEFENSE ATTORNEY

_____      _____

      DEFENDANT                  PARENTAL SIGNATURE

STATE OF WYOMING,                                                    DOCKET NO._____

     Plaintiff,

-vs-                    OCT 11 2016

    CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
    PARK COUNTY, WYOMING
    JOCELYN BLAKESLEE   Deputy        **ARRAIGNMENT & SENTENCING ORDER**

_Richard McClosky_ ,

    Defendant.

Charge _35-7-1031 c/c Poss > Cont sub_ _____ Citation No. _64825J_

Advised of charges and penalty _____ ✓ _____ Advised of constitutional rights __ ✓ __

Attorney:   Waived _____ Retained_____ Appointed __ ✓ __ Name: _pd/t_ _____

Plea:      GUILTY   _____     Finding:    GUILTY  _____

         NOT GUILTY  __ ✓ __           NOT GUILTY _____

         NO CONTEST  _____        DISMISSED _____

Bond set at  $ _2000 c&R_

Conditions of the bond: _see c/p_ _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above case has been set for:

| | | | | |
|---|---|---|---|---|
| Preliminary Hearing | _____ day of _____ | , 20 ____ | at _____ A.M., P.M. |
| Pre-Trial Conference | _30_ day of _January_ | , 20 _17_ | at _10:15_ A.M., P.M. |
| Jury Trial | _16_ day of _February_ | , 20 _17_ | at _9:30_ A.M., P.M. |
| Trial to Court | _____ day of _____ | , 20 ____ | at _____ A.M., P.M. |
| _____ | _____ day of _____ | , 20 ____ | at _____ A.M., P.M. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SENTENCE**

| | | | |
|---|---|---|---|
| Fine | $ _____ | Public Def Fees | $ _____ |
| Costs | $ _____ | Amount Suspended | $ _____ |
| Victim Surcharge | $ _____ | TOTAL | $ _____ |

Jail Time  _____     Time Suspended _____

Probation  _____     Unsupervised / Supervised

Restitution  $ _____

Stay of Execution to _____ day of _____ , 20 ____ .

Conditions of suspension of fine / jail_____

_____

_____

_____

DONE this__ _10_ __ day of __ _Oct_ _____ , 20 _16_ .

_____        _____
COUNTY ATTORNEY                          JUDGE

_____
DEFENSE ATTORNEY

_____        _____
DEFENDANT                              PARENTAL SIGNATURE

Plaintiff,

-vs-

Richard McCloskey ,

Defendant.

}

F I L E D

OCT 1 1 2016

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Farman, Clerk

By **JOCELYN BLAKESLEY** Deputy

## BOND CONDITIONS

Bond Amount $ 2000      Cash $ _____      Acceptable Bail Bond $ _____      Property $_____

### You must comply with all conditions checked:

✓ 1. Do not violate any local, state or federal law.

✓ 2. Keep in contact with your attorney.

✓ 3. Immediately notify the Circuit Court Clerk at:          ☑ Cody • 307-527-8590
    of any change of address or phone number.              ☑ Powell • 307-754-8890
    (If represented by counsel, keeping your attorney notified of
    your address and phone number complies with this requirement.)

✓ 4. Appear for all court appearances.

___ 5. Do not leave   ☐ Park County   ☐ State of Wyoming   without permission from the Judge.

✓ 6. Do not drink or possess alcoholic beverages or any illegal controlled substances, or be in places whose primary
    source of income is derived from alcohol sales.

✓ 7. Submit to random testing of your blood, breath and/or urine for the presence of alcohol or illegal controlled
    substances by law enforcement officers or your probation officer if on probation.

___ 8. Report in person to the Park County Sheriff's Office or the _____ Police Department at
    least _____ between the hours of _____ .M. and _____ .M.

___ 9. Do not have any contact with_____ .

✓ 10. Do not bother or harass any witness to this matter.

___ 11. Other_____
    _____
    _____

✓ 12. Reappear before this Court on ___January 30 2017___ at the hour of __10:15 A__ .M. at the
    ☐ Cody   ☐ Powell courtroom for:

    ☐ Bench Trial              ☐ Jury Trial
    ☐ Preliminary Hearing      ☐ Pretrial Conference

Enclosure #_____ Pg._____ of_____
Case#_____
Officer_____

FILED

OCT 11 2016

CIRCUIT COURT OF FIFTH JUDICIAL DISTR
PARK COUNTY, WYOMING

JOCELYN BLAKESLE

By _____

STATE OF WYOMING,

Plaintiff,

-vs-

_Richard J. Mc Closky_ ,

Defendant.

DOCKET NO. _CI-2016-9R-PDW_

**ARRAIGNMENT & SENTENCING ORDER**

Charge _I 6-3-303 b)  CRIMINAL TRAPS_ _____ Citation No. _____
_____ _II 6-3-201 a b.  PROP DESTRUCTION L/OU)_

Advised of charges and penalty _____ Advised of constitutional rights _____

Attorney:  Waived _____ Retained _____ Appointed _✓_ Name: _PDSF_

Plea:  GUILTY _____              Finding:  GUILTY _____

NOT GUILTY _____                          NOT GUILTY _____

NO CONTEST _____                          DISMISSED _____

Bond set at  $ _250)  CASH_

Conditions of the bond: _815 CASH_ _____

*****************************************************************************************

The above case has been set for:

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Preliminary Hearing | _____ day of _____ , 20 ___ , at _____ A.M., P.M. |
| Pre-Trial Conference | _30_ day of _JANUARY_ , 20 _17_ , at _10:15_ A.M., P.M. |
| Jury Trial | _16_ day of _FEBRUARY_ , 20 _17_ , at _8:30_ A.M., P.M. |
| Trial to Court | _____ day of _____ , 20 ___ , at _____ A.M., P.M. |
| _____ | _____ day of _____ , 20 ___ , at _____ A.M., P.M. |

*****************************************************************************************

**SENTENCE**

| | | | |
|---|---|---|---|
| Fine | $ _____ | Public Def Fees | $ _____ |
| Costs | $ _____ | Amount Suspended | $ _____ |
| Victim Surcharge | $ _____ | TOTAL | $ _____ |

Jail Time _____          Time Suspended _____

Probation _____          Unsupervised / Supervised

Restitution  $ _____

Stay of Execution to _____ day of _____ , 20 ___ .

Conditions of suspension of fine / jail _____
_____
_____
_____

DONE this _10_ day of _October_ , 20 _16_ .

_____          _____
COUNTY ATTORNEY                                JUDGE

_____
DEFENSE ATTORNEY

Enclosure #_____ Pg._____ of_____
Case#_____
Officer_____

_____          _____
DEFENDANT                                        PARENTAL SIGNATURE

Plaintiff

-vs-

_____Richard   McCloskey_____ ,

    Defendant.

F I L E D

OCT 1 1 2016

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Farman, Clerk
**JOCELYN BLAKESLEY** _____Deputy

# BOND CONDITIONS

Bond Amount  $ 2500    Cash $ _____    Acceptable Bail Bond  $ _____    Property $_____

## You must comply with all conditions checked:

____ 1.  Do not violate any local, state or federal law.

____ 2.  Keep in contact with your attorney.

____ 3.  Immediately notify the Circuit Court Clerk at:         ☐ Cody • 307-527-8590
         of any change of address or phone number.              ☐ Powell • 307-754-8890
         (If represented by counsel, keeping your attorney notified of
         your address and phone number complies with this requirement.)

____ 4.  Appear for all court appearances.

____ 5.  Do not leave  ☐ Park County   ☐ State of Wyoming  without permission from the Judge.

____ 6.  Do not drink or possess alcoholic beverages or any illegal controlled substances, or be in places whose primary
         source of income is derived from alcohol sales.

____ 7.  Submit to random testing of your blood, breath and/or urine for the presence of alcohol or illegal controlled
         substances by law enforcement officers or your probation officer if on probation.

____ 8.  Report in person to the Park County Sheriff's Office or the _____Police Department at
         least _____ between the hours of _____ .M.  and _____ .M.

____ 9.  Do not have any contact with_____ .

____ 10. Do not bother or harass any witness to this matter.

____ 11. Other____ comply w/ bond cond. of probation____
         ____ 58726615410____

____ 12. Reappear before this Court on _January 31 2017_ at the hour of _10:15_ .M. at the
         ☐ Cody     ☐ Powell courtroom for:

         ☐ Bench Trial              ☐ Jury Trial
         ☐ Preliminary Hearing      ☐ Pretrial Conference

Enclosure #_____ Pg._____ of_____
Case#_____
Officer_____

Cody: Park County Courthouse, 1002 Sheridan Ave., Cody, Wyoming 82414 (307) 527-8590
Powell: ~~Park County Courthouse, 109 West 14th~~

FILED

OCT 11 2016

STATE OF WYOMING,                                              DOCKET NO. _CR—2016-1370W_

      Plaintiff, CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
                 PARK COUNTY, WYOMING

-vs-                          Penny A. Egnan, Clerk
       **JOCELYN BLAKESLEY**                             **ARRAIGNMENT & SENTENCING ORDER**
      By_____ Deputy

   _Richard McCloskey_____,
       Defendant.

Charge _I-VIII – unlawful use of credit card 6.5.402 a/b'_ Citation No. _____

_____

Advised of charges and penalty _____ Advised of constitutional rights _____
Attorney:    Waived _____ Retained _____ Appointed ____ Name: _p d/F_____
Plea:     GUILTY    _____     Finding:    GUILTY   _____
          NOT GUILTY   ___✓___           NOT GUILTY   _____
          NO CONTEST   _____          DISMISSED   _____
Bond set at  $ _2000 075C_____
Conditions of the bond: _51 : SIMD_____

**********************************************************************************

The above case has been set for:
    Preliminary Hearing    _____ day of _____, 20 ____ , at _____ A.M., P.M.
    Pre-Trial Conference   _30_ day of _January_____, 20 _17_ , at _10:15_ A.M., P.M.
    Jury Trial            _16_ day of _February_____, 20 _17_ , at _8:30_ A.M., P.M.
    Trial to Court       _____ day of _____, 20 ____ , at _____ A.M., P.M.
    _____     _____ day of _____, 20 ____ , at _____ A.M., P.M.

**********************************************************************************

                              **SENTENCE**

Fine          $ _____    Public Def Fees   $ _____
Costs         $ _____    Amount Suspended  $ _____
Victim Surcharge  $ _____    TOTAL         $ _____

Jail Time      _____    Time Suspended  _____
Probation     _____    Unsupervised / Supervised
Restitution   $ _____
Stay of Execution to _____ day of _____, 20 ____ .
Conditions of suspension of fine / jail_____
_____
_____
_____

DONE this_ 10 _ day of _ October _____, 20 _16_ .

_____       _____
      COUNTY ATTORNEY                      JUDGE

_____
      DEFENSE ATTORNEY

_____       _____
      DEFENDANT                      PARENTAL SIGNATURE

-vs-

_Richard Mc Closky_ ,

Defendant.

FILED

OCT 11 2016

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Farman, Clerk
By **JOCELYN BLAKESLEY** Deputy

# BOND CONDITIONS

Bond Amount $\$2000$   Cash $\$ _____   Acceptable Bail Bond $\$ _____   Property $\$_____

### You must comply with all conditions checked:

\_\_\_\_ 1. Do not violate any local, state or federal law.

\_\_\_\_ 2. Keep in contact with your attorney.

\_\_\_\_ 3. Immediately notify the Circuit Court Clerk at:
☐ Cody • 307-527-8590
of any change of address or phone number.
☐ Powell • 307-754-8890
(If represented by counsel, keeping your attorney notified of
your address and phone number complies with this requirement.)

\_\_\_\_ 4. Appear for all court appearances.

\_\_\_\_ 5. Do not leave ☐ Park County ☑ State of Wyoming without permission from the Judge.

\_\_\_\_ 6. Do not drink or possess alcoholic beverages or any illegal controlled substances, or be in places whose primary source of income is derived from alcohol sales.

\_\_\_\_ 7. Submit to random testing of your blood, breath and/or urine for the presence of alcohol or illegal controlled substances by law enforcement officers or your probation officer if on probation.

\_\_\_\_ 8. Report in person to the Park County Sheriff's Office or the _____Police Department at least _____ between the hours of _____ .M. and _____ .M.

\_\_\_\_ 9. Do not have any contact with_any person living in the property_.
_Brokon can not non be on o3 4,m The primary of 2129 W/Aoo_

\_\_\_\_ 10. Do not bother or harass any witness to this matter.   _(only)_

\_\_\_\_ 11. Other_____
_____
_____

\_\_\_\_ 12. Reappear before this Court on _January 30 2017_ at the hour of _1:00_ .M. at the
☑ Cody ☐ Powell courtroom for:

☐ Bench Trial ☐ Jury Trial
☐ Preliminary Hearing ☑ Pretrial Conference

Enclosure #\_\_\_\_ Pg.\_\_\_ of\_\_\_
Case#_____
Officer_____

Plaintiff,

vs.

RICHARD JOSEPH McCLOSKEY,
*Defendant.*

FILED

OCT 1 2 2016

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
Peggy L. Ferman, Clerk
By JOCELYN BLAKESLEY Deputy

# FELONY INFORMATION

COMES NOW the State of Wyoming, by and through, Bryan A. Skoric, Park County and Prosecuting Attorney, and hereby informs the Court and gives the Court to understand that the above-named Defendant:

Count I:    On or between August 26, 2016 and September 9, 2016, in Park County, Wyoming, did unlawfully use a credit card with the intent to obtain property or services by fraud, to wit, used a credit card, or the number or description of a credit card, issued to another person without the consent of that person, and the value of the property or services obtained in violation of this section within a sixty day period in the state of Wyoming totals one thousand dollars ($1,000.00) or more, in violation of Wyoming Statute § 6-3-802(a)(i)(b)(iii), a felony, punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

Count II:    On or about August 26, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for QT's Restaurant for twelve dollars and thirty-eight cents ($12.38), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming.

Count III:    On or about August 26, 2016, in Park County, Wyoming, with intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorized that act, to wit: signed Keith Grant's name to a transaction receipt for QT's Restaurant for ninety-four dollars and twenty-five cents ($94.25), in violation of Wyoming Statute § 6-3-602(a)(ii)(b), punishable by

7556
12.38
94.25
58.43
98.78
60.26
40.50
190.25
43.67
5.08
102.95
58.05
97.62
902.22

# IN THE CIRCUIT COURT, FIFTH JUDICIAL DISTRICT
## PARK COUNTY, WYOMING (POWELL)

**STATE OF WYOMING**
         *Plaintiff,*

   vs.

**RICHARD J. MCCLOSKEY,**
         *Defendant.*

**Criminal Docket No.**

---

## AFFIDAVIT OF PROBABLE CAUSE

---

**THE UNDERSIGNED, BEING FIRST DULY SWORN UPON OATH, DEPOSES AND STATES:**

1.     I, Cody Bradley, am employed by the Powell Police Department as a Police Officer.

2.     On October 06, 2016, I was dispatched to the Super 8 Motel, Powell, Park County, Wyoming for a person who left without paying.

3.     I spoke with Rebecca Iverson at the Super 8 Motel and she told me that Richard McCloskey left without paying for his room. Mr. McCloskey checked in on October 04, 2016, with a departure date of October 05, 2016. Iverson stated that McCloskey was paying with cash and the credit card he gave them came back denied. Iverson said that on October 06, 2016, she left a note on McCloskey's door, room 216, at approximately 2:50 p.m. saying that he needed to settle today's balance. At approximately 5:30 p.m. another guest saw McCloskey and Colleen Maddox leave the hotel in a pewter colored Cadillac CTS. Officer Hite and I went to the room to make sure that McCloskey had indeed checked out and the room was a mess, but all personal items were gone. Iverson gave me copies of the registration and the note that she left for McCloskey. McCloskey owes the Super 8 Motel Eighty-one Dollars and Sixty-four Cents ($81.64).

# PARK COUNTY, WYOMING (POWELL)

**STATE OF WYOMING,**
*Plaintiff,*

*vs.*

**RICHARD J. MCCLOSKEY,**
*Defendant.*

Criminal Docket No. CR-2016-159 POW

---

# WARRANT

---

**TO ANY SHERIFF IN THE STATE OF WYOMING, GREETINGS:**

**WHEREAS,** Affidavit having been made before me, on oath, that the above-named Defendant, on or about October 03, 2016, in Park County, Wyoming, did without authority enter or remain in a building with intent to commit theft or a felony therein, in violation of Wyoming Statute §6-3-301(a)(b), a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than $10,000.00, or both.

**NOW, THEREFORE,** in the name of the State of Wyoming, you are hereby commanded forthwith to apprehend and arrest the above-named Defendant and bring the defendant before the Court to be dealt with according to law.

DATE: October ___18___ 2016.

_____
Honorable Bruce B. Waters
Circuit Court Judge

| DOB: | 03/19/1988 |
| SSN: | 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 |
| LKA: | Park County Detention Center |

# RETURN

**STATE OF WYOMING**    }
                        } ss
**COUNTY OF PARK**       }

I hereby certify that I received the above Warrant, together with a copy of the Information filed in the above matter, and that I served the same in Park County on _____, by delivering copies of both to _____.

_____
SHERIFF

STATE OF WYOMING,

Criminal Case No. 5697

        *Plaintiff,*

**vs.**



**RICHARD JOSEPH McCLOSKEY,**

        *Defendant.*

# WARRANT

**TO ANY SHERIFF IN THE STATE OF WYOMING, GREETING:**

    **WHEREAS,** the State of Wyoming has filed herein a Motion for Warrant, wherein the State requests that a Warrant issue for the arrest of the Defendant on the underlying charges herein, and the Court having reviewed the same and finding good cause to issue the same;

    **Count I:** Unlawful use of a credit card with the intent to obtain property or services by fraud, to wit; used a credit card, or the number or description of a credit card, issued to another person without the consent of that person, and the value of the property or services obtained in violation of this section within a sixty day period in the state of Wyoming totals One Thousand Dollars ($1,000.00) or more, in violation of Wyoming Statute §6-3-802(a)(i)(b)(iii), a felony;

    **Count II:** With intent to defraud, did make, complete, execute, authenticate, issue or transfer a writing so that it purports to be the act of another who did not authorize that act, to wit: signed Keith Grant's name to a transaction receipt for QT's Restaurant for Twelve Dollars and Thirty-Eight cents ($12.38), in violation of Wyoming Statute §6-3-602(a)(ii)(b), a felony.

    **YOU ARE, THEREFORE, HEREBY COMMANDED** forthwith to arrest the above-named Defendant and bring the Defendant before the Court for further proceedings.

    **DATED** February ___10___, 2017.

               **BY THE COURT:**

               **HONORABLE STEVEN CRANFILL**
               District Court Judge

# RETURN

**STATE OF WYOMING**

**COUNTY OF PARK**

I hereby certify that I received the above Warrant filed in the above matter, that I served the same in Park County on _2-14-17_ by delivering copies of both to _Richard Mc Closkey_ _PCSO Detention_ . at

_____
**SHERIFF**
**BY:**

_____
**DEPUTY**

Officer Pellegrini

RECEIVED
PCSO
FEB 10 2017